**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION**

| | |
|---|---|
| **SIMEON T PORTER** | **CASE NO.  2:22-CV-00573** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **MERRICK GARLAND** | **MAGISTRATE JUDGE LEBLANC** |

<u>**MEMORANDUM RULING**</u>

Before the court is a Motion to Dismiss [doc. 40] filed by the United States of America, defendant in this matter, under Rules 37(b)(2)(A)(v) and 41(b) of the Federal Rules of Civil Procedure. The motion is regarded as unopposed.

**I.**
**BACKGROUND**

Plaintiff, originally represented by counsel, filed an employment discrimination suit in this court relating to her employment with the Bureau of Prisons on February 28, 2022. Doc. 1. On July 17, 2023, defendant propounded Interrogatories and Requests for Production on plaintiff through her then-counsel, Pamela Jones. Doc. 27, att. 3. After receiving no responses, defense counsel sent correspondence to Ms. Jones on December 30, 2024, and February 4, 2025. Doc. 27, att. 4, pp. 2–3. Defense counsel then agreed to an extension, through March 14, 2025, for plaintiff to provide discovery responses. *Id.* at 2. On March 12, however, Ms. Jones advised that she had terminated her representation of plaintiff two days earlier. *Id.* She asked for an extension on plaintiff's behalf, and the government agreed to April 15, 2025. *Id.* at 1–2. Ms. Jones withdrew as counsel on April

29, 2025. Doc. 26. The clerk of court mailed to plaintiff an attached "Notice to Plaintiff Regarding Representing Yourself" at the address provided by her former counsel, outlining her obligations and the consequences of not following court orders. *Id.*

On July 21, 2025, the government sent correspondence to plaintiff noting the outstanding discovery and requesting a Rule 37 conference. Doc. 27, att. 3. The government filed a motion to compel the following month, to which plaintiff filed no response. Doc. 27. Plaintiff also failed to attend the motion hearing on January 14, 2026. Doc. 38. That day the magistrate judge granted the motion as unopposed and ordered plaintiff to provide full discovery responses within 30 days. Doc. 39.

The government filed this motion to dismiss on March 19, 2026, noting that plaintiff had still failed to provide discovery or otherwise participate in the case. Trial is set for July 20, 2026. Docs. 37, 45. Accordingly, the government requests that the case be dismissed as a sanction for not obeying a discovery order under Federal Rule of Civil Procedure 37(b)(2)(A)(v) or for failure to comply with a court order under Rule 41(b).

## II.
### LAW & APPLICATION

Federal Rule of Civil Procedure 41(b) authorizes a district court to dismiss an action for failure to prosecute, with or without notice to the parties, "incident to its inherent powers." *Rogers v. Kroger Co.*, 669 F.2d 317, 319–20 (5th Cir. 1982) (citing *Link v. Wabash R.*, 370 U.S. 626, 630–33 (1962)). A case should only be dismissed with prejudice under this rule "upon a showing of 'a clear record of delay or contumacious conduct by the plaintiff . . . and where lesser sanctions would not serve the best interests of justice." *Id.*

(quoting *Pond v. Braniff Airways, Inc.*, 453 F.2d 347, 349 (5th Cir. 1972)). In most cases affirming dismissal with prejudice, the Fifth Circuit has found at least one of the following aggravating factors: (1) delay caused by the plaintiff himself rather than his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct. *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).

The government establishes a clear record of delay through plaintiff's failure to respond to discovery, prejudicing the defense's ability to prepare for trial and the court's ability to bring this four-year-old suit to a resolution. Plaintiff has not participated in the case to any degree since her counsel withdrew one year ago. The court is left with no choice but to dismiss the matter. Given that the fault lies solely with plaintiff, who failed to comply with court orders to appear and to respond to discovery despite ample notice, the dismissal must be with prejudice.

### III.
#### CONCLUSION

For the reasons stated above, the Motion to Dismiss [doc. 40] will be **GRANTED** and all claims in this matter will be **DISMISSED WITH PREJUDICE**.

**THUS DONE AND SIGNED** in Chambers on the 5th day of May, 2026.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**

Page 3 of 3